**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:9:16-CV-80076-RLR

INSPIRED DEVELOPMENT GROUP,
LLC, a Florida limited liability company,

      Plaintiff,

vs.

INSPIRED PRODUCTS GROUP, LLC,
d/b/a KIDSEMBRACE, LLC, a California
limited liability company,

      Defendant.
_____

INSPIRED PRODUCTS GROUP, LLC,
d/b/a KIDSEMBRACE, LLC, a California
limited liability company,

      Counter-Plaintiff,

vs.

INSPIRED DEVELOPMENT GROUP,
LLC, a Florida limited liability company, and
MITCHELL PRINE, individually,

      Counter-Defendants.
_____/

**ORDER ON COUNTER-PLAINTIFF'S MOTION**
**TO VOLUNTARILY DISMISS ITS COUNTERCLAIMS**
**AND THIRD PARTY CLAIM WITHOUT PREJUDICE**

**THIS CAUSE** is before the Court upon Defendant/Counter-Plaintiff Inspired Products Group, LLC's ("Inspired Products") Motion for Voluntary Dismissal Without Prejudice of its Counterclaims [DE 55]. The Court has reviewed the motion, response, reply and court file. For the reasons set forth below, the Court imposes certain conditions upon Inspired Products which must be met before the motion is granted.

The Complaint in this case was filed on January 14, 2016. Inspired Products answered the Complaint and filed its counterclaims and third party claims [DE 15] on April 12, 2016.

Inspired Products alleged four counterclaims against Plaintiff/Counter-Defendant, Inspired Development Group, LLC ("Inspired Development") and one third party claim against Third Party Defendant, Mitchell Prine. Prine owns fifty percent of Inspired Development and is its managing member. Inspired Development and Prine are jointly represented by counsel and they jointly answered the counterclaims and third party claim on April 12, 2016 [DE 28]. Discovery in this case closed on November 22, 2016, a little over seven months after the counterclaim and third party claim were filed. [DE 52]. No party has ever moved for a continuance of the trial date, which is presently scheduled to commence on February 6, 2017. Inspired Products filed its Motion for Voluntary Dismissal of the counterclaims and third party claim pursuant to Fed. R. Civ. P. 41(a)(2) on December 1, 2016, prior to any summary judgment motions being filed in this case.

"District courts enjoy broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). The purpose of Rule 41(a)(2) "is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *McCants v. Ford Motor Co.*, 781 F.2d 855, 856 (11th Cir. 1986). However, "[i]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *Pontenberg*, 252 F.3d at 1255. (emphasis in original). "The crucial question to be determined is, would the defendant lose any substantial *right* by the dismissal." *Id*., at 1255-1256 (emphasis added).

Inspired Development and Prine argued they would suffer prejudice if the counterclaims and third party claim are dismissed because they incurred attorney time in defending these claims through discovery, which included several depositions as well as written discovery and

2

document production.  The Court is without sufficient knowledge, however, that: (1) Inspired Development and Prine have undertaken written discovery, document production, or depositions in this case that are (2) related *only* to Inspired Product's counterclaims or third party claim.  To the extent Inspired Development and Prine have incurred expenses that may be traced solely to their defense of Inspired Product's counterclaims, the Court questions the extent of such expenses when juxtaposed with the expenses each side has occurred in connection with the prosecution and defense of Inspired Development's complaint.  For example, the first, second, and third counts of Inspired Products' counterclaim closely mirror its sixth, seventh, and eighth affirmative defenses.  Discovery in this case would have been similar regardless of the filing of counterclaims and third party claim.  Inspired Development and Prine fail to show any "clear legal prejudice" that amounts to the loss of a "substantial right."

Even if there were a showing that Inspired Product's claims required some additional discovery, clear legal prejudice, bad faith, or similar grounds are required to deny the motion. *See, e.g.*, *Goodwin v. Reynolds*, 757 F.3d 1216, 122 (11th Cir. 2014) (dismissal without prejudice affirmed where no legal prejudice or bad faith); *Stachurski v. Wright Med. Tech., Inc.*, 2013 WL 12095269, at *2 (S.D. Fla. Nov. 27, 2013) (granting motion to voluntarily dismiss and finding expense of resources to defend action did not constitute legal prejudice); *Wilber v. Maryland Cas. Co.*, 2013 WL 12096397, at *1 (S.D. Fla. Oct. 17, 2013) (granting motion to voluntarily dismiss without prejudice even though case had been pending a year because no showing of excessive delay or other dilatory efforts).

Inspired Development and Prine did not argue, nor did they demonstrate, any showing of bad faith. There is also no evidence of delay by Inspired Products.  Inspired Products never moved to extend the discovery cut-off, nor the trial date.  The case is set to begin trial only ten

3

months after the counterclaim and third party claim were filed. Without evidence of bad faith, extra discovery, or dilatory tactics by Inspired Products, there is no basis to deny this motion for voluntary dismissal.

Inspired Development and Prine additionally argue they would suffer prejudice because their subsequently filed motions for summary judgment are pending and the motion for voluntarily dismissal is an attempt to avoid an adverse ruling on their summary judgment motions. This too is insufficient to show legal prejudice or loss of a substantial right. In the Eleventh Circuit, "mere pendency of a summary judgment motion, by itself, does not constitute legal prejudice sufficient to support a denial of Rule 41(a)(2) voluntary dismissal without prejudice." *Pontenberg*, 252 F.3d at 1258. Although summary judgment motions are pending on the counterclaims and third party claim, Inspired Products filed its motion for voluntary dismissal prior to the filing of any summary judgment motions. Prine filed his summary judgment motion [DE 58] on December 1, 2016 several hours after Inspired Products filed its motion for voluntary dismissal. Inspired Development filed its summary judgment motion the following week on December 7, 2016. Considering the motion for voluntary dismissal was filed prior to either summary judgment motion, and also considering Inspired Products opposed those summary judgment motions and maintains its responses are meritorious, Inspired Products cannot be convincingly accused of dismissing its claims in an attempt to avoid an adverse summary judgment ruling. Regardless, there is still no evidence of bad faith or dilatory tactics. The Court finds no basis to deny Inspired Products' motion to voluntarily dismiss these claims.

Notwithstanding the Court's decision that Inspired Products' motion should not be denied, the Court may grant a voluntary dismissal upon "such terms and conditions as the court deems proper." The rule affords the Court this discretion for the protection of defendants. *See,*

*e.g.*, *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604-05 (5th Cir. 1976) ("[T]he district court should impose only those conditions which will alleviate the harm caused to the defendant."). Inspired Development and Prine argue that in the event the dismissal is granted, that Inspired Products should be required to pay their reasonable attorney fees upon dismissal.

It has become commonplace for district courts to require a plaintiff to pay a defendant's costs in connection with Rule 41(a)(2) dismissals. *See generally* CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2366 (3d ed.) (collecting cases). The Court may also impose a condition of payment of attorney's fees, however, any award of attorney's fees must be limited to fees for services that will not be useful in a subsequent lawsuit. *Id.; see also Parrish v. Ford Motor Co.*, 299 F. App'x 856, 860-61 (11th Cir. 2008). For example, the costs of filing motions, making copies of motions, and preparing motions only useful in the original action may be recovered, *see McLaughlin v. Chesire*, 676 F.2d 855, 857 (D.C. Cir. 1982), but fees incurred in connection with discovery are not recoverable as discovery materials may be useful in subsequent litigation. *See, e.g.*, WRIGHT, *supra*, § 2366 (collecting cases).

The Court finds that in light of the amount of time that passed in this case prior to the filing of the motion before the Court, there is a possibility that Inspired Development and Prine have incurred expenses that could be reimbursed pursuant to the limitations described in cases such as *McLaughlin v. Chesire*, cited above. As a result, this Court will impose the following condition upon Inspired Product's request for dismissal. Inspired Product's motion shall be granted, provided that if Inspired Products refiles its claims at a later date, such a filing must be preceded by a full payment of attorney's fees and costs to Inspired Development and Prine that (1) Inspired Development and Prine incurred that were not useful in a subsequent lawsuit and (2) Inspired Development and Prine incurred solely in connection with Inspired Product's

5

counterclaims and third party claim. *See Potenberg v. Boston Scientific Corp.*, 252 F.3d 1253 (11th Cir. 2001).

Inspired Products shall have two (2) days from the date of rendition of this Order to file a notice indicating its agreement of the conditions upon which this Court will permit a voluntary dismissal. *See Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002) (holding that a plaintiff must be given the opportunity to refuse the conditions imposed by a court on a Rule 41(a)(2) dismissal). In the event Inspired Products does not agree to these conditions, the Court will deny Inspired Product's motion. In the event Inspired Products agrees to these conditions, the Court will grant Inspired Product's motion.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Inspired Product's Motion for Voluntary Dismissal Without Prejudice of its Counterclaims [DE 55] will be **GRANTED** contingent upon the Inspired Product's agreement to the conditions described in this Order. Inspired Products is **ORDERED** to file a notice within two (2) days of the date of rendition of this Order regarding its position as to the above conditions..

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida this 13th day of January, 2017.

*[signature]*
ROBIN L. ROSENBERG
United States District Judge