UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-80076-Civ-Rosenberg/Brannon

INSPIRED DEVELOPMENT GROUP, LLC,

      Plaintiff,

v.

INSPIRED PRODUCTS GROUP, LLC,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendant's Motion for Its Attorneys' Fees and Costs ("Motion") [DE 160], Plaintiff's response in opposition [DE 162], and Defendant's reply [DE 165], which has been referred to the undersigned for appropriate disposition [DE 175]. Being fully advised, the Court **RECOMMENDS** that Defendant's Motion [DE 160] be **GRANTED IN PART** and **DENIED IN PART**, and that Defendant be awarded $205,946.80 in attorneys' fees and Defendant's request for costs be denied.

### I.    BACKGROUND

This case arises from Defendant's, Inspired Products Group, LLC ("IPG"/"Defendant"), alleged breach of its promise to pay $3 million to Plaintiff, Inspired Development Group ("IDG"/"Plaintiff"), in exchange for using IDG's character car seat concept and licensing its patents. On December 5, 2016, IPG served on IDG a Proposal for Settlement for $300,000 pursuant to Fla. Stat. § 768.79 (the "Offer") [DE 160-1], which IDG never accepted. Thereafter, the parties engaged in mediation and filed briefs on motions for summary judgment and motions *in limine*. On January 25, 2017, the Court granted summary judgment to IPG on Counts II

(breach of contract), III (unjust enrichment), and IV (promissory estoppel) of the four-count complaint.[1]

On February 2, 2017, the remaining count, Count I for breach of contract, was dismissed with prejudice after the parties entered into a stipulated settlement agreement of $50,000, with IPG to make payment upon conclusion of the appeal or other proceedings in this case.  The settlement agreement contains a provision regarding IDG's right to appeal[2] the summary judgment order and IPG's right to seek recovery of fees and costs pursuant to Fla. Stat. § 768.79 [DE 153-1].  The parties further agreed that the settlement amount of $50,000 shall be satisfied as an offset from any award of attorney's fees or costs.  [DE 153-1 at ¶ 2.3].

IPG now seeks **$257,433.50** in attorneys' fees and **$15,675.59** in costs pursuant to Fla. Stat. § 768.79 [DE 165].  IDG disputes both IPG's entitlement and the amount of fees and costs sought for a period spanning less than two months [DE 162].

II.      **DISCUSSION**

A.      **Entitlement to Fees under Fla. Stat. § 768.79**

This Court must first determine whether IPG is entitled to attorneys' fees and costs under Fla. Stat. § 768.79.  "Where the Court has both a federal question and supplemental or diversity jurisdiction over Florida claims, § 768.79 applies only to the Florida claims."  *Design Pallets, Inc. v. Gray Robinson, P.A.*, 583 F. Supp. 2d 1282, 1287 (M.D. Fla. 2008).  Here, the Court determined that, although diversity jurisdiction is lacking, it has subject matter jurisdiction over the action under 28 U.S.C. § 1338(a) because IDG's claims arose under patent law.  [DE 172].  Although the claims arose under federal patent law, they were "based on state law" and framed as state law causes of action.  [*Id.* at 4].  Indeed, the Court applied Florida law when resolving

---

[1] The relief requested in the complaint was only for monetary damages.
[2] IDG has appealed the District Court's summary judgment order, which is currently pending before the U.S. Court of Appeals for the Federal Circuit [DE 176].

Plaintiff's claims for breach of contract, unjust enrichment, and promissory estoppel. [DE 130].
*See Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1150 (11th Cir. 2008) (applying § 768.79 where the underlying legal malpractice action was governed by Florida law but filed in federal court).   The Court further determined it has original jurisdiction over Plaintiff's claims and, alternatively, "through its supplemental jurisdiction."  [DE 172 at 8].  As such, the Court's lack of diversity jurisdiction over IDG's claims is not a bar to IPG's request for relief under § 768.79.

The Court applies the substantive law set forth in Fla. Stat. § 768.79 and the rule implementing it, Florida Rule of Civil Procedure 1.442.  *See Menchise*, 532 F.3d at 1150; *Safranek v. Wal-Mart Stores, Inc.*, 2011 WL 766218, *2 (S.D. Fla. Feb. 25, 2011).  Section 768.79 provides in relevant part that

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.

Fla. Stat. § 768.79(1).  An offer of settlement must be in writing, state that it is being made pursuant to this section, name the party making it and to whom it is being made, state the amount offered to settle a claim for punitive damages, if any, and state the offer's total amount.  Fla. Stat. § 768.79(2).

Rule 1.442 also requires that the offer state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action, state with particularity any relevant conditions, state the total amount of the proposal and state with particularity all nonmonetary terms, state whether the proposal includes attorneys' fees, and include a certificate of service.  Fla. R. Civ. P. 1442(c). With respect to the particularity requirement, Rule 1.442

"merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification. If ambiguity within the proposal could reasonably affect the offeree's decision, the proposal will not satisfy the particularity requirement." *State Farm Mut. Auto. Inc. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006). The offeror may attach to the settlement proposal a copy of a general release that includes expansive language, as long as the release does not extinguish other outstanding claims. *Id.* at 1079, 1080.

Here, it is undisputed that IPG served IDG the Offer on December 5, 2016 that IDG never accepted, that the Court granted summary judgment to IPG on three of the four counts, and that the Court entered an order on February 2, 2017 dismissing with prejudice IDG's final count after the parties entered into a settlement agreement of $50,000.[3] IDG's $50,000 recovery is at least 25% less than IPG's $300,000 proposal for settlement. IDG does not dispute that § 768.79 and Rule 1.442 apply in this case. What IDG disputes is IPG's entitlement to fees and costs because IDG argues the Offer contains ambiguities as to which claims would be resolved, which parties are releasing whom, and the settlement amount. The Court considers IDG's arguments below.

1. **The Offer is clear as to which claims IPG seeks to resolve and which parties are releasing whom.**

IDG argues that IPG's Offer is ambiguous as to which claims IPG attemps to resolve because paragraph 2 of the Offer states it intends to resolve "IDG's claims against IPG for breach of contract (Counts I and II), unjust enrichment (Count III), and promissory estoppel (Count IV)," but the attached release indicates that it applies to IPG, its successors, assigns, employees, agents and related individuals, and IPG seeks to resolve "[a]ny and all liabilities,

_____

[3] Fees and costs run from the date Defendant served the Offer on Plaintiff. *Cooper v. Brickell Bayview Real Estate, Inc.*, 711 So. 2d 258 (Fla. 3d DCA 1998); Fla. Stat. § 768.79(6)(a).

claims, actions, losses or any other damages relating to the claims asserted in the action" . . . and

applies "to all claims whether or not claimed, known or suspected." [DE 160-1]. IPG counters

that the Offer unambiguously stated that the claims brought by IDG would be settled in exchange

for a $300,000 payment to IDG and mutual general releases. Additionally, IPG maintains that

nothing in the releases suggest that a corporation signing its release would also release claims of

its owners or employees, individually. This Court agrees with IPG.

Courts should not "nitpick" proposals for settlement in searching for ambiguities.

*Anderson v. Hilton Hotels Corp.*, 202 So. 3d 846, 853 (Fla. 2016); s*ee also Embroidme.com, Inc.*

*v. Travelers Prop. Cas. Co. of Am.*, 2015 WL 419879 (S.D. Fla. Jan. 22, 2015) (finding no

ambiguity between the language of the proposal for settlement and language in the attached

release where the release contained expansive language); *Costco Wholesale Corp. v. Llanio-*

*Gonzalez*, 2017 WL 1076927 (Fla. 4th DCA Mar. 22, 2017) (same). The Florida Supreme Court

has found that a general release may include expansive language, as long as the release does not

extinguish other outstanding claims. *Nichols*, 932 So. 2d at 1079, 1080.

The line of cases IDG cites is distinguishable because here there are no other pending

lawsuits or claims between the parties. The instant releases are properly attached and referenced

in paragraph 5 of the Offer. Additionally, paragraph 2 of the Offer indicates that the Offer is

"intended to resolve all claims . . . which IDG *brought or could have brought* in the above-

referenced action." [DE 160-1] (emphasis added). Further, standard release language that is

attached to a proposal for settlement and identifies a party as including "parent corporations,

subsidiaries, officers, directors, and employees" is not ambiguous and has not been found to

invalidate a proposal for settlement. *Alamo Financing, L.P. v. Mazoff*, 112 So. 3d 626, 631 (Fla.

4th DCA 2013). Accordingly, the Offer is clear as to which claims IPG seeks to resolve and as to who is releasing claims.

### 2. The Offer is clear as to the settlement amount.

IDG argues that the Offer is ambiguous because there is a discrepancy in the settlement amount listed in the Offer and the settlement amount listed in the attached releases. While the Offer indicates a $300,000 settlement amount in paragraph 4, the releases indicate that the parties are releasing the claims "for and in consideration of TEN DOLLARS ($10.00) and other good and valuable consideration." [DE 160-1]. IDG maintains that it is unclear whether the Offer amount was $300,000; $310,000; or $10. IPG counters that paragraphs 4 and 5 of the Offer make clear that $300,000 was the amount offered although the releases included language of a nominal exchange of $10 as consideration, and IPG cannot seriously suggest it was confused by the amounts.

In support of its argument, IDG cites to *Stasio v. McManaway*, 936 So. 2d 676, 677 (Fla. 5th DCA 2006) in which the court found a patent ambiguity where the settlement proposal offered $60,000 and the attached release listed the offer as "FIFTY NINE THOUSAND NO/100 DOLLARS ($60,000)." However, the facts in *Stasio* are distinguishable as a natural reading of the documents in *Stasio* side by side may cause confusion. In contrast, here the $300,000 offer and the release language indicating "TEN DOLLARS ($10.00) and other good and valuable consideration" would not cause confusion to a litigant, especially one experienced in business transactions. Understanding the offer to be $10 would be akin to believing Blackacre was actually sold for a peppercorn. Accordingly, the Court finds no merit in IDG's argument that the Offer was unclear as to the settlement amount.

6

Ultimately, this Court finds that IPG is entitled to attorneys' fees and costs as the Offer complies with the requirements set forth in Fla. Stat. § 768.79 and Florida Rule of Civil Procedure 1.442.

**B.      Amount of Fees**

Having found that IPG is entitled to fees and costs under § 768.79, the Court must determine the amount to which IPG is entitled.   In calculating an award of attorneys' fees, federal courts use the lodestar method whereby a reasonable fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *American Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).   To discern if a fee is reasonable, a court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). The Court finds that the hourly rates claimed by Defendant are reasonable, but finds that some of the hours expended are unreasonable.

**1.      Reasonable Rate**

The Eleventh Circuit has found "a reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299.   The "relevant market" is "the place where the case is filed." *Barnes*, 168 F.3d at 437.   It is well-established that in determining this

"prevailing market" rate, a court may consider the various factors laid out in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 718-19 (5th Cir. 1974).[4]  *See also Norman*, 836 F.2d at 1299.

In the Motion, IPG seeks the following hourly rates [DE 160]:

❖ $500 per hour for attorney Thomas A. Dye, lead counsel for Defendant and a partner who has practiced law for over 30 years.

❖ $590 per hour for attorney James A. Gale, a partner certified in IP law, registered patent attorney, and co-chair of the firm's intellectual property litigation section who has practiced law for over 30 years.

❖ $480 per hour for attorney Simeon Brier, a partner who has practiced law for 17 years.

❖ $395 per hour for attorney Matthew B. Criscuolo, a partner who has practiced law for 10 years.

❖ $335 per hour for attorney A. Robert Weaver, an associate and registered patent attorney who has practiced law for 7 years.

❖ $340 per hour for attorney Matthew N. Horowitz, an associate and registered patent attorney who has practiced law for 6 years.

❖ $175 per hour for Kimberly Jordan, a certified paralegal with over 30 years of experience.

Here, IDG does not object to the hourly rates.  In support of IPG's requested hourly rates and hours billed, IPG submits a Verification of its retained counsel, Thomas A. Dye [DE 160 at 20].  Based on the Court's knowledge and independent judgment, it finds the hourly rates claimed are reasonable and recommends that the above-mentioned rates be accepted.

---

[4] The 12 *Johnson* factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases.

### 2.    Reasonable Hours

Next, the Court will determine whether the hours claimed are reasonable. A fee application must include records of the amount of time counsel has expended on a particular case. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  In cases awarding fees pursuant to § 768.79, the Court should consider the following factors:

1.  The then apparent merit or lack of merit in the claim.
2.  The number and nature of offers made by the parties.
3.  The closeness of questions of fact and law at issue.
4.  Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer.
5.  Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.
6.  The amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.

Fla. Stat. § 768.79(7)(b); *see also Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1361 (S.D. Fla. 2010).

Generally, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices:  it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); s*ee Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994) (where the billing record is voluminous, "the district court need not engage in an hour-by-hour analysis [; r]ather, . . . it may [ ] reduce [the hours devoted to litigation] in gross if a review of the resubmitted fee request warrants such a reduction'"); *Mock v. Bell Helicopter Textron, Inc.*, 456 Fed. Appx. 799, 802 (11th Cir. 2012) (affirming a court's 20% across-the-board cut in total hours upon finding "a significant amount of redundancy, duplication, 'coordination' among counsel, and indivisible block billing, leaving it with a strong and abiding sense that the time and cost claimed is simply too large.").

Here, the questions of facts and law were not particularly close, as the Court awarded summary judgment to IPG on three of the four counts of the complaint, leaving one count for breach of contract to be decided by a jury.  There is no indication that IPG ever refused to furnish information necessary to evaluate the reasonableness the Offer or that the instant matter was a test case that would have far-reaching importance affecting nonparties.  IPG served the Offer in advance of substantial motion practice and trial preparation.  *See* Fla. Stat. § 768.79(7)(b).  IPG's offer of $300,000 plus execution of a general release was reasonable to resolve Plaintiff's claims against Defendant.  IPG submits time records for all hours its counsel billed between December 5, 2016 and February 1, 2017 [DE 160-2].  In its reply brief,[5] IPG deducts 66.4 hours spent preparing the Offer and moving to dismiss its own counterclaims [DE 165 at 9].  After making these deductions, IPG seeks a total of $257,433.50 for 679.1 hours billed during the eight-week period ending February 1, 2017.

The Court notes that IPG's counsel billed an average of 84 hours per week for work on this case during the eight-week period leading up to the February 6, 2017 trial date.  Considering the time spent by multiple attorneys briefing motions *in limine* and motions for summary judgment, attending mediations, and preparing for trial, the Court finds that some of the time billed is unreasonable.  For instance, defense counsel billed 92.4 hours, among five attorneys, for time spent on IPG's motion for summary judgment on four counts and IPG's reply.[6]  This Court finds the time spent on IPG's motion and reply to be excessive, especially given the experience

---

[5] Although Plaintiff failed to comply with Local Rule 7.3(b) insofar as it did not adequately confer with opposing counsel regarding specific objections to entitlement and amount of fees and costs sought or provide Defendant with any legal authority, this Court will consider the Motion, response, and reply on the merits.

[6] This total includes 48.2 hours on IPG's motion for summary judgment and 44.2 hours on IPG's reply entered between 12/5/16 and 12/30/16, with the majority of the time billed by partner Thomas A. Dye and associate A. Robert Weaver.  Also included are time entries made by partners Matthew B. Criscuolo, Simeon Brier, and James A. Gale [DE 160-2].

of all counsel involved.  Additionally, the Court finds some time entries to be problematic, such as block billing for multiple tasks by attorney A. Robert Weaver in entries dated 12/18/16, 12/20/16, and 12/29/16.  It is impossible for the Court to deduce how much time was spent on each task, and if a reasonable amount of time was spent on those tasks.  Finally, much of the time billed by paralegal Kimberly Jordan is not recoverable because the tasks were clerical in nature.[7]

Due to the voluminous documentation of fees in the instant case, this Court cannot "feasibly and expeditiously" engage in a precise "hour-by-hour" review of the claimed billing entries. *Loranger*, 10 F.3d at 783.  Such a review would be "simply impractical and a waste of judicial resources." *Id*.  The Court finds a twenty percent across-the-board reduction in this case is warranted.  The hours claimed by Defendant are as follows:

❖ Thomas A. Dye: $500 per hour x 225.4 hours = $112,700

❖ James A. Gale: $590 per hour x 5.6 hours = $3,304

❖ Simeon Brier: $480 per hour x 49.6 hours = $23,808

❖ Matthew B. Criscuolo: $395 per hour x 4.4 hours = $1,738

❖ A. Robert Weaver: $335 per hour x 279.2 hours = $93,532

❖ Matthew N. Horowitz: $340 per hour x 13.6 hours = $4,624

❖ Kimberly Jordan: $175 per hour x 101.3 hours = $17,727.50

Total = $257,433.50

---

[7] Parts of the time entries made by Kimberly Jordan on 1/11/17 (organization of deposition exhibits), 1/17/17 (retrieval of exhibits), 1/18/17 (indexing exhibits), 1/25/17 (retrieval of exhibits; review and organizing exhibits) were clerical in nature.  While the Court may award fees for the work done by a paralegal, fees are only awarded to the extent that the paralegal performed work traditionally done by an attorney. Work that is clerical or secretarial is not recoverable.  *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006); *Embroidme.com*, 2015 WL 419879 at *14.

Accordingly, the Court reduces the overall attorneys' fees total of **$257,433.50** by twenty percent and recommends that Defendant be awarded the reduced total of **$205,946.80** in attorneys' fees.[8]

### C.      Costs

Next, the Court turns to the costs that Defendant seeks under Fla. Stat. § 768.79.  Under Fed. R. Civ. P. 54(d), prevailing parties are entitled to receive costs as authorized by statute. *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000).  The party seeking an award of costs or expenses bears the burden of submitting a request that enables the court to determine what costs or expenses the party incurred and the party's entitlement to an award of those costs or expenses.  *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).  Although Defendant seeks costs under § 768.79 calculated in accordance with the Florida Supreme Court guidelines, federal courts in the Southern and Middle Districts of Florida have found that recovery of costs under § 768.79 is governed by federal law and only costs identified in 28 U.S.C. § 1920 are recoverable. *See, e.g.*, *Kearney v. Auto-Owners Ins. Co.*, 2010 WL 3062420, *2 (M.D. Fla. Aug. 4, 2010) (holding that § 768.79 does not create a substantive right to costs, and that 28 U.S.C. § 1920 therefore governs taxation of costs, even where § 768.79 allows an award of attorney's fees); *Gemini II, Ltd. v. Mesa Underwriters Specialty Ins. Co.*, 2015 WL 11538250, *5 n.1 (S.D. Fla. Oct. 14, 2015) (finding same).  The relevant statute here, 28 U.S.C. § 1920, authorizes taxing costs for:

(1) Fees of the clerk and marshal;

---

[8] In the Motion, Defendant reserves its right to supplement with additional fees and costs incurred after February 1, 2017.  Under Florida law, "time incurred litigating the entitlement to attorney's fees is compensable, although the time incurred litigating the fee amount is not." *Thermoset Corp. v. Building Materials Corp. of Am.*, 2016 WL 3944033, *6 (S.D. Fla. Jan. 15, 2016) (citing *State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 833 (Fla. 1993)).  Additionally, "[t]he right to attorney's fees pursuant to section 768.79 applies to fees incurred on appeal." *Frosti v. Creel*, 979 So. 2d 912, 917 (Fla. 2008).

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Section 1920 further requires that "[a] bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree." 28 U.S.C. § 1920. "[T]he movant must not only show that the costs claimed are recoverable, but must also provide sufficient documentation regarding those costs in order to permit challenges by opposing counsel and meaningful review by the Court." *McKenzie v. Lindstrom Air Conditioning, Inc.*, 2010 WL 11505840, *5 (S.D. Fla. Aug. 6, 2010) (citations omitted).

As best this Court can deduce from the papers, Defendant seeks $15,675.59 in costs associated with deposition transcripts and video recordings in anticipation of trial. *See* DE 160 at 17-18; 160-2 at 17, 43; DE 165 at 10. Generally, deposition costs are authorized by § 1920(2). *W&O, Inc.*, 213 F.3d at 620. Whether such costs are taxable depends on whether they were "necessarily obtained for use in the case." *Id.* (quoting 28 U.S.C. § 1920(2)). However, Defendant fails to include a Bill of Costs or invoices for the deposition transcripts. Without detailed invoices, it is impossible for this Court to determine whether the costs are reasonable or taxable. Because Defendant did not include the proper documentation under 28 U.S.C. § 1920, Defendant's request for costs should be denied.

### III.    RECOMMENDATION

Accordingly, it is **RECOMMENDED** that Defendant's Motion for Its Attorneys' Fees and Costs [DE 160] be **GRANTED IN PART** and **DENIED IN PART** such that Defendant be awarded $205,946.80 in attorneys' fees and $0 in costs.

### IV.    NOTICE OF RIGHT TO OBJECT

In accordance with 28 U.S.C. § 636(b)(1) and the Magistrate Rules of the Local Rules of the Southern District of Florida, the parties have fourteen (14) days from the date of this Report and Recommendation within which to file and serve written objections, if any, with the Honorable Robin L. Rosenberg, United States District Judge.  Failure to file timely objections shall bar the parties from attacking any factual findings contained herein on appeal.  *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND RECOMMENDED** in Chambers at West Palm Beach, Florida, this 25th day of April, 2018.

DAVE  LEE BRANNON
U.S. MAGISTRATE JUDGE