UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16-CV-80076-ROSENBERG/BRANNON

INSPIRED DEVELOPMENT GROUP,
LLC, a Florida limited liability company,

    Plaintiff,

vs.

INSPIRED PRODUCTS GROUP, LLC,
d/b/a KIDSEMBRACE, LLC, a California
limited liability company,

    Defendant.
                                           /

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Defendant's Motion for its Attorneys' Fees and Costs [DE 160]. The Motion has been fully briefed. On April 25, 2018, Judge Dave Lee Brannon issued his Report and Recommendation [DE 177] recommending that the Motion be granted in part and denied in part. Both parties filed objections. Both parties filed responses to the objections.

The Court has conducted a *de novo* review of Magistrate Judge Brannon's Report and Recommendation, the objections, the responses, and the entire court file. The Court is fully advised in the premises. Upon review, the Court finds Judge Brannon's recommendations to be well reasoned and correct.

The Court writes separately to address Plaintiff's objections. Plaintiff refused an offer of settlement from Defendant in the amount of $300,000. That offer was made pursuant to Florida's offer of judgment statute, section 768.79. Because Defendant prevailed in this case on the operative counts, Defendant filed the instant Motion on the premise that it was entitled to

1

attorney's fees for costs incurred subsequent to its offer of judgment. Plaintiff now objects on the grounds that because this Court's jurisdiction rests on federal patent jurisdiction—not diversity jurisdiction—Florida Statute 768.79 does not apply. As noted by Judge Brannon and as discussed in Defendant's response to Plaintiff's objections, this is an improper premise. The applicability of section 768.79 does not turn on the basis for the Court's exercise of jurisdiction; the applicability of section 768.79 turns on the nature of the claims that Plaintiff itself brought. Plaintiff chose to bring state law claims. Plaintiff is therefore responsible for the applicability of section 768.79 in this case, and Plaintiff cannot now avoid the application of that statute.

Pursuant to the binding precedent of *Menchise v. Akerman Senterfitt*, 532 F.3d 1147, 1150 (11th Cir. 2008), section 768.79 is Florida substantive law and, moreover, "[T]he language of section 768.79 does not bar **its application to claims based on state law that are filed in federal court**. . . . Section 768.79 'applies to all civil actions for damages brought in Florida.'" (quoting *Marcy v. Daimlerchrysler Corp.*, 921 So. 2d 781, 785 (Fla. Dist. Ct. App. 2006)) (emphasis added). Plaintiff relies upon *Design Pallets, Inc. v. Gray Robinson, P.A.*, 583 F. Supp. 2d 1282, 1285 (M.D. Fla. 2008), but Plaintiff's own authority recognizes that regardless of the basis for a court's jurisdiction, if Florida substantive law applies to the causes of action in a case, section 768.79 applies:

> *Menchise v. Akerman Senterfitt* involved an adversary proceeding in bankruptcy in which the bankruptcy judge was sitting, in essence, as a State court judge **deciding issues of substantive Florida law** (specifically, a legal malpractice claim). In this scenario, **it is only logical that § 768.79, being substantive law under *Erie*, would apply to the resolution of Florida substantive law claims**.

(emphasis added). Here, Plaintiff brought Florida substantive law claims. Section 768.79 therefore applies to Plaintiff's claims,[1] and Plaintiff's objections are overruled. The Court adopts

---

[1] Furthermore, the Court expressly exercised supplemental jurisdiction over Plaintiff's Florida state law claims after recognizing that Defendant's counterclaims questioned the validity of Plaintiff's patents. DE 172 at 8.

all of Judge Brannon's remaining recommendations without comment.

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** as follows:

1. Magistrate Judge Brannon's Report and Recommendation [DE 177] is hereby **ADOPTED**;

2. Defendant's Motion for Attorney's Fees and Costs [DE 160] is **GRANTED IN PART AND DENIED IN PART**;

3. Defendant is awarded $205,946.80 in attorney's fees; and

4. Defendant's request for costs is denied.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 31st day of May, 2018.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record